EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Grupo Ferré Rangel Media | 2016 TSPR 17<br><br>194 DPR ____ |

Número del Caso: MC-2016-181

Fecha: 10 de febrero de 2016

Grupo Ferré Rangel Media:

  Sra. Cynthia López Cabán

Materia: Resolución del Tribunal con Voto Particular

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

MC-2016-0181

Grupo Ferré Rangel Media

RESOLUCIÓN

San Juan, Puerto Rico, a 10 de febrero de 2016

En el día de ayer, 9 de febrero de 2016, el Grupo Ferré Rangel Media (GFR Media), por conducto de Cynthia López Cabán, presentó una solicitud para que se le entregaran copias de los informes sometidos por la Comisión de Disciplina Judicial para los casos AD-2014-005 y AD-2015-001.

Examinada la *Solicitud de Informes de la Comisión de Disciplina Judicial* presentada por GFR Media, se le concede a las partes, en ambos casos, un término improrrogable de veinticuatro (24) horas, a partir de la notificación de esta resolución, para que se expresen en torno a la misma.

Publíquese y notifíquese por teléfono, correo electrónico, facsímil y por la vía ordinaria a GFR Media, y a las partes en ambos casos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión:

"El Juez Asociado señor Martínez Torres expresa que aunque está de acuerdo con la exposición del derecho que hace el Juez Asociado señor Estrella Martínez en su Voto

particular y coincide con él en que procede la entrega a la prensa de los informes de la Comisión de Disciplina Judicial que se solicitaron, dio su voto de conformidad a la Resolución del Tribunal con el solo propósito de llegar a un consenso y permitir que el trámite de este asunto no se detenga".

El Juez Asociado señor Rivera García hace constar la siguiente expresión:

"El Juez Asociado señor Rivera García hace constar la siguiente expresión: Disiento dela determinación que hoy toma la mayoría de los miembros de este Tribunal, ya que entiendo que la solicitud presentada por el Grupo Ferré Rangel Media para recibir copias de los informes preparados por la Comisión de Disciplina Judicial en los casos AD-2014-005 y AD-2015-001 fue tramitada incorrectamente por vía de la Oficina de Prensa de la Oficina para la Administración de los Tribunales y no mediante una petición formal ante la Secretaría de este Tribunal Supremo. Asimismo, de haberse tramitado correctamente, la realidad es que la solicitud es prematura e improcedente *en esta etapa* de los procedimientos, cuando aún los miembros de este Tribunal ni tan siquiera hemos hecho una evaluación inicial de los méritos del informe y de sus respectivas recomendaciones.

Por otra parte, nótese que estos informes están dirigidos a la consideración de este Tribunal Supremo, quien al final del día determinará si procede o no acoger la *recomendación* brindada por la Comisión de Disciplina Judicial. En ese sentido, tales documentos son paralelos a los que, en el contexto de procesos disciplinarios contra abogados y abogadas, menciona el inciso (q) de la Regla 14 de nuestro Reglamento, y que específicamente dispone que "no estarán sujetos a inspección por el público *hasta que el asunto haya sido resuelto finalmente*". (Énfasis suplido). 4 LPRA Ap. XXI-B, R. 14. Claro está, en su día, tanto la periodista interesada como el público general y demás medios de comunicación, podrán tener acceso a la determinación final que emita este Tribunal y a los respectivos informes y documentos."

El Juez Asociado señor Estrella Martínez emitió un Voto particular. El Juez Asociado señor Kolthoff Caraballo no intervino.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex Parte:*

Grupo Ferré Rangel Media          MC-2016-0181

Voto particular emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 10 de febrero de 2016.

Como cuestión de derecho procedía la **entrega inmediata** a la prensa de la información pública solicitada, consistente en los informes de la Comisión de Disciplina Judicial con relación a los asuntos disciplinarios pendientes de dos jueces, sin necesidad de acudir a la vía excepcional de conceder un término para que la persona objeto del requerimiento exponga su postura. Los postulados constitucionales que garantizan a cualquier persona el acceso a la información pública debieron prevalecer con inmediatez. No solamente como cuestión de derecho, sino también para fortalecer la política pública judicial de transparencia. En

consecuencia, y por los fundamentos que expondré en este voto particular, discrepo del curso de acción adoptado por este Tribunal.

I

Como parte de los procesos para auscultar si algún juez o jueza incurre en conducta antiética o vedada por nuestro ordenamiento, existe un proceso regido por las Reglas de Disciplina Judicial, 4 LPRA Ap. XV-B, que garantiza a la ciudadanía y a la judicatura, la justa y pronta consideración de estos asuntos y el debido proceso de ley. En apretada síntesis, el proceso disciplinario contra un juez o jueza inicia con la presentación de una queja juramentada ante la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales. 4 LPRA Ap. XV-B, R. 5. De ésta cumplir con los requisitos, es referida para que se determine si debe comenzar una investigación. De ser así, se emite un informe el cual contiene la exposición de los hechos y un análisis de los mismos a la luz del derecho aplicable. Éste incluye toda la prueba documental y cualquier otra que lo sustente. 4 LPRA Ap. XV-B, R. 8.

Durante la etapa investigativa, como regla general, el expediente y la investigación de la queja es de naturaleza confidencial. Empero, una vez se notifica si procede archivar la queja o referirla a la Comisión, **tanto el informe de investigación como sus anejos estarán**

**disponibles para escrutinio público**. 4 LPRA Ap. XV-B, R. 11(e). Claro está, siempre se debe proteger la información privilegiada que obre en esos documentos, la que pueda lesionar derechos fundamentales de terceros, o menoscabe el derecho a la intimidad del juez o la jueza promovido, mediante orden debidamente fundamentada. 4 LPRA Ap. XV-B, R. 11(f). Incluso, se facilita el acceso a los expedientes de las quejas desestimadas. 4 LPRA Ap. XV-B, R. 11.

Ahora bien, cuando la conducta expuesta amerita una acción disciplinaria, se remite a la Comisión de Disciplina Judicial. Luego de los procedimientos de rigor, la Comisión emitirá un Informe que incluye sus determinaciones de hechos, conclusiones de derecho, así como su recomendación. 4 LPRA Ap. XV-B, R. 28. Una vez el Informe adviene final, será referido a este Tribunal.

Empero, nuestras Reglas de Disciplina Judicial no contienen una disposición expresa con relación a si el Informe de la Comisión remitido al Pleno de este Tribunal es un documento al que puede tenerse acceso público. Independiente a ello, este Tribunal ha sido consecuente en reconocer que el derecho a la información pública es fundamental. Colón Cabrera v. Caribbean Petroleum, 170 DPR 582, 590 (2007); Ortiz v. Dir. Adm. de los Tribunales, 152 DPR 161, 175 (2000). El acceso a la información es un corolario del derecho de libertad de expresión, prensa y asociación promulgados en la Sec. 4 del Art. II de la Carta

de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 285. En el sistema de gobierno democrático, es imperativo reconocer la necesidad de mantener informados a los ciudadanos para que éstos puedan fiscalizar adecuadamente nuestra gestión. Véase, Acevedo Hernández, *Ex parte*, 191 DPR 410, 414 (2014) y casos allí citados.

Así, en ocasión anterior, hemos expuesto que el expediente de investigación en estos procesos disciplinarios es confidencial hasta que se determina la causa probable y se presenta la querella formal. A estos efectos, expusimos que "una vez un caso tiene suficiente mérito para llegar a la fase adjudicativa del procedimiento, el expediente investigativo se torna público". Ortiz v. Dir. Adm. de Tribunales, *supra,* pág. 180. También reconocimos que el público tiene un derecho constitucional a enterarse de los pormenores de la administración de la justicia, entre ellos, sobre la conducta de los jueces involucrados en el procedimiento judicial y que existe un interés apremiante de mantener en confidencialidad **la etapa investigativa** del proceso disciplinario. Una vez culminada esta etapa, prevalece el derecho constitucional de acceso a la información pública y "cobra preeminencia el interés de la ciudadanía en fiscalizar el buen funcionamiento de los procedimientos disciplinarios diseñados para asegurar que los jueces sean,

en realidad, personas honorables y que desempeñan debidamente sus funciones". Íd., págs. 182-184. Fuimos categóricos al reclamar que "si el poder de los tribunales se fundamenta en la altura moral de aquellos que han sido designados a impartir justicia, con mayor razón debe disiparse toda duda sobre la **transparencia de los procedimientos diseñados para disciplinarlos"**. (Énfasis suplido). Íd., págs. 183-184.

A mi juicio, el derecho a la información en los procesos adjudicativos disciplinarios debe estar enmarcado en el hecho de que la información solicitada concierne el comportamiento de los miembros de la Judicatura, a quienes se les exige una conducta intachable de forma tal que fomenten el respeto y la confianza del Pueblo en el Sistema Judicial. In re Cancio González, 190 DPR 290, 297-298 (2014); In re Claverol Siaca, 175 DPR 177, 188 (2009). Con ello se preserva "la administración efectiva e imparcial de la justicia y la confianza en nuestro sistema de justicia" consolidando las bases democráticas de nuestra sociedad. 4 LPRA Ap. IV-B, R. 1.

Indiscutiblemente, el acceso a esta información debe salvaguardar, a su vez, que la información provista no menoscabe el derecho a información privilegiada, derechos fundamentales, el derecho a la intimidad del juez o jueza promovido e incluso de terceros promoventes o ajenos al proceso disciplinario. Este Tribunal tiene los mecanismos

para tomar las providencias necesarias que garanticen y protejan los derechos de cualquier ciudadano o ciudadana.

Tras evaluar las disposiciones antes expuestas, resulta incuestionable que le corresponde a este Tribunal determinar el trámite a seguir en la petición ante nuestra consideración. Ello, pues las Reglas de Disciplina Judicial no contemplan expresamente si procede o no el acceso al Informe de la Comisión. Ahora bien, lo que sí expresamente disponen las Reglas de Disciplina Judicial es que "en asuntos no previstos por estas reglas, el tribunal determinará su trámite en la forma que garantice el cumplimiento de los propósitos que inspiran estos procedimientos y los derechos de la jueza o del juez de la parte promovente y la sana administración de la justicia". 4 LPRA Ap. XV-B, R. 34. En consecuencia, la determinación correcta en la solicitud ante nuestra consideración consistía en la entrega inmediata de la información pública. Me explico.

II

A la luz de la normativa reglamentaria expuesta, resultaría un contrasentido y un curso contrario a la política pública judicial que guió la aprobación de las mismas, concluir que existen diferencias de divulgación y escrutinio público entre el Informe de Investigación de la Oficina de la Administración de los Tribunales y el Informe de la Comisión de Disciplina Judicial. Es una realidad que

ambos documentos son de escrutinio público. Claro está, con las salvaguardas necesarias para proteger las garantías mencionadas.

El reconocimiento del carácter público del Informe de la Comisión de Disciplina Judicial solidifica nuestro compromiso de "fortalecer la confianza del Pueblo asegurando la transparencia de los procesos y la información, y garantizando la participación ciudadana en esta tarea de fiscalización". In re Enmdas. Rs. Disciplina Judicial, 191 DPR 564 (2014). Asimismo, fomentar el acceso a estos procesos disciplinarios es un ejercicio armonioso de nuestra función indelegable de promover y asegurar la transparencia judicial, y fortalecer un eje cardinal del Poder Judicial cimentado en la credibilidad pública. El facilitar este tipo de información contribuye de manera directa a la transparencia y confianza de la ciudadanía en esta rama de gobierno. Véase, In re: Enmdas. Regl. Uso Cámaras Proc. Jud., res. el 15 de julio de 2015, 2015 TSPR 92, 193 DPR ____ (Voto particular emitido por el Juez Asociado señor Estrella Martínez).

Reconozco que en el ejercicio de procurar no menoscabar el derecho a información privilegiada, derechos fundamentales, el derecho a la intimidad del juez o jueza promovido e incluso de terceros promoventes o ajenos al proceso disciplinario, existirán ocasiones en que será necesario solicitar a alguna de esas partes que se expresen

o adoptar *motu proprio* medidas protectoras. No obstante, entiendo que ello resulta innecesario en las dos peticiones que nos ocupan.

En primer lugar, el acceso a la información solicitada no entorpece ni repercute en la decisión o independencia de criterio de este Tribunal para determinar si procede o no una sanción disciplinaria. De otra parte, una mera lectura de los Informes solicitados refleja que la información allí contenida se limita a los pormenores de los cargos presentados, el proceso llevado a cabo, la exposición de los hechos y del derecho realizada por la Comisión y su recomendación. No surge información privilegiada ni violaciones a derechos fundamentales. Por tanto, considero que este Tribunal podía otorgar el acceso a los referidos informes sin mayor dilación.

                                        Luis F. Estrella Martínez
                                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex Parte:*

Grupo Ferré Rangel Media

MC-2016-0181

RESOLUCIÓN
***NUNC PRO TUNC***

San Juan, Puerto Rico, a 11 de febrero de 2016

Se enmienda ***nunc pro tunc*** la Resolución emitida el 10 de febrero de 2016 a los fines de corregir el último párrafo para que lea como sigue:

El Juez Asociado señor Estrella Martínez emitió un Voto particular. La Jueza Asociada Oronoz Rodríguez procedería a hacer entrega de los informes sin gestión ulterior. El Juez Asociado señor Kolthoff Caraballo no intervino.

Publíquese y notifíquese por teléfono, correo electrónico, facsímil y por la vía ordinaria a GFR Media, y a las partes en ambos casos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina