EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Grupo Ferré Rangel Media | 2016 TSPR 18<br><br>194 DPR ____ |

Número del Caso: MC-2016-181


Fecha: 11 de febrero de 2016


Grupo Ferré Rangel Media:

      Sra. Cynthia López Cabán


Oficina de Asuntos Legales, O.A.T.:

      Lcda. Cristina Guerra Cáceres
      Directora

      Lcda. Ana Duque García
      Asesora Legal


Abogados del Hon. Carlos Candelaria Rosa:

      Lcdo. Virgilio Mainardi Peralta
      Lcdo. José Ángel Rivera Rodríguez

Abogado del Hon. Eric Colón Colón:

      Lcdo. Francisco Joubert Lugo


Materia: Resolución del Tribunal con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *Ex Parte*:<br><br>Grupo Ferré Rangel Media | MC-2016-0181 |  |

RESOLUCIÓN

San Juan, Puerto Rico, a 11 de febrero de 2016

Examinada la *Solicitud de Informes de la Comisión de Disciplina Judicial* para los casos AD-2014-005 y AD-2015-001 presentada por el Grupo Ferré Rangel Media (GFR Group), y evaluados los escritos presentados por el Juez Eric Colón Colón, el Juez Carlos Candelaria Rosa y la Oficina de Administración de los Tribunales, se autoriza la entrega de las copias de ambos informes, según solicitado.

Publíquese y notifíquese por teléfono, electrónicamente, facsímil y por la vía ordinaria a GFR Media Group, y a las partes en ambos casos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Martínez Torres hace constar las siguientes expresiones:

> "El Juez Asociado señor Martínez Torres está conforme con la entrega de los informes de la Comisión de Disciplina Judicial. Estos son documentos públicos conforme a los principios que este Tribunal delineó en <u>Ortiz v. Dir. Adm. de los Tribunales</u>, 152 DPR 161 (2000), y a las Reglas de Disciplina Judicial vigentes. Véase el Voto Particular del Juez Asociado señor Estrella Martínez en <u>Ex parte: Grupo Ferré Rangel Media</u>, MC-2016-181, Res. de 10 de febrero de 2016. "El respeto a la Judicatura no puede ganarse escudando a los jueces de toda crítica. Si el poder de los tribunales se fundamenta en la altura moral de aquellos que han sido designados para impartir justicia, con mayor razón debe disiparse toda duda sobre la transparencia de los procedimientos diseñados para disciplinarlos. No podemos sino confiar en que el buen juicio de

nuestro Pueblo y el ejercicio responsable de la libertad de prensa distinguirán el grano de la paja al examinar los expedientes disciplinarios de jueces." Ortiz v. Dir. Adm. de los Tribunales, supra, pág. 184."

El Juez Asociado señor Estrella Martínez hace constar las siguientes expresiones:

"El Juez Asociado señor Estrella Martínez está conforme con la entrega a la parte peticionaria de los informes de la Comisión de Disciplina Judicial solicitados, por los fundamentos contenidos en su Voto Particular emitido en *Ex Parte*: Grupo Ferré Rangel Media, MC-2016-181, res. el 10 de febrero de 2016, en el cual concluyó ayer que 'como cuestión de derecho procedía la entrega inmediata a la prensa de la información pública solicitada... Los postulados constitucionales que garantizan a cualquier persona el acceso a la información pública debieron prevalecer con inmediatez. No solamente como cuestión de derecho, sino también para fortalecer la política pública judicial de transparencia.' Íd., pág. 1."

El Juez Asociado señor Kolthoff Caraballo emitió un Voto particular disidente. El Juez Asociado señor Rivera García hace constar las siguientes expresiones:

"El Juez Asociado señor Rivera García hace constar la siguiente expresión: Reafirmo mi desacuerdo con la determinación que hoy toma este Tribunal de acceder - a toda prisa y sin *ninguna* consideración de las posiciones de las partes involucradas - a la petición presentada por el Grupo Ferré Rangel Media de obtener copias de los informes preparados por la Comisión de Disciplina Judicial en los casos AD-2014-001 y AD-2015-005. Bajo ningún concepto, reclamo que tales documentos son de carácter confidencial, pero sí entiendo que entregarlos *en este momento* es totalmente improcedente cuando ni tan siquiera los miembros de este Tribunal hemos hecho una evaluación inicial de los méritos del informe y de sus respectivas recomendaciones. Peor aún, considero que la mayoría de los miembros de este Tribunal está partiendo de una interpretación errónea de nuestro precedente en *Ortiz v. Adm. de los Tribunales*, 152 DPR 161 (2000). La norma establecida en tal caso cubre únicamente los documentos del proceso disciplinario celebrado ante la Oficina para la Administración de los

Tribunales. Bajo ningún concepto debe cubrir un documento de trabajo que contiene recomendaciones para la consideración final de los miembros de este Tribunal, como lo son los informes preparados por la Comisión de Disciplina Judicial. Por tales razones, disiento del proceder adoptado en la Resolución que antecede."

La Jueza Asociada señora Pabón Charneco no intervino.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ex Parte:

Grupo Ferré Rangel Media          MC-2016-0181




Voto Particular Disidente emitido por el Juez Asociado señor Kolthoff Caraballo



San Juan, Puerto Rico, a 11 de febrero de 2016.

En síntesis, hoy este Tribunal se enfrenta a la disyuntiva en cuanto a si la recomendación que hace la Comisión de Disciplina Judicial (Comisión) en torno a un proceso disciplinario contra un miembro de nuestra Judicatura debe ser confidencial o debe ser materia de escrutinio público.

En los pasados años he reiterado la firme creencia de que nuestro sistema judicial debe propender a una mayor transparencia en sus procesos, de forma tal que se pueda amainar la "seria crisis de legitimación" que ha venido

afectando la percepción que tiene nuestro Pueblo sobre la Rama Judicial.[1]

En este contexto, las vistas disciplinarias que celebra la Comisión contra un juez o una jueza contra quien se ha encontrado causa probable para presentar una querella son públicas y, como tal, la Prensa tiene perfecto derecho a cubrirlas y reportar al Pueblo lo allí ocurrido. Por eso, no debe existir duda con relación a que el proceso es y debe continuar siendo uno transparente.

Sin embargo, por las razones que esbozo a continuación disiento de la determinación que hoy toma esta Curia, por entender que el Informe de la Comisión es uno confidencial **en esta etapa de los procedimientos**.

La Comisión es un ente adscrito a la Secretaría del Tribunal Supremo y funge como organismo colegiado que dirige los procedimientos disciplinarios y de retiro involuntario de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones.

Por su parte, el proceso disciplinario contra los jueces y las juezas de los tribunales *a quo* se encuentra detallado en las Reglas de Disciplina Judicial (Reglas), las cuales establecen la confidencialidad del expediente y del proceso investigativo de la queja contra los jueces

---

[1] Voto de Conformidad del Juez Asociado señor Kolthoff Caraballo en ASPRO et al., Ex parte, 191 DPR 490, 494 (2014).

que componen la Judicatura de nuestro País. En particular, la Regla 10 dispone lo siguiente:

a. El expediente de la Oficina de Asuntos Legales sobre la evaluación y la investigación de la queja es de naturaleza confidencial.
b. […]
c. […]
d. […]
e. Tan pronto se le notifique a la jueza o al juez promovido, la determinación de la Directora o del Director de archivar la queja o de referirla a la Comisión, tanto el informe de investigación, sus anejos y la determinación final, estarán disponibles para escrutinio público.

Como podemos observar, el público no tiene acceso a dicha información hasta tanto "se le notifique a la jueza o al juez promovido, la determinación de la Directora o del Director de archivar la queja o de referirla a la Comisión". Es decir, el trabajo interno de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales (Oficina de Asuntos Legales) mantiene confidencial todo documento y, a su vez, toda impresión mental de parte de los funcionarios de esa Oficina, hasta tanto la decisión haya sido considerada y tomada por la persona con autoridad para ello, esto es, el Director o Directora Administrativo de los Tribunales. Así pues, una vez el Director o Directora haya tomado una determinación, ya sea el archivo de la queja o referir la misma a la Comisión (cuando a su entender la imputación en contra del juez o la jueza tenga mérito) es entonces que las recomendaciones y apreciaciones de dicha Oficina ven la luz del escrutinio público.

Desafortunadamente, nuestras Reglas no son igualmente claras en cuanto al Informe de la Comisión que hoy se nos solicita, el cual está íntimamente relacionado con nuestra inherente facultad disciplinaria. Esto nos obliga a hacer un análisis sobre la naturaleza del contenido del Informe y la idoneidad de que éste mantenga carácter de confidencialidad **en esta etapa de los procedimientos**.

Como ocurre con el Informe de Investigación que rinde la Oficina de Asuntos Legales en este tipo de proceso disciplinario, considero que el Informe que presenta la Comisión a la consideración del Pleno de este Tribunal, se convierte en público una vez este Foro determina finalmente con relación a las recomendaciones esbozadas en el mismo.  Me explico.

Ciertamente, las Reglas nada disponen respecto a si el Informe de la Comisión, el cual tiene que incluir recomendaciones a este Curia, es confidencial o público. Sin embargo, como vimos, la Regla 10, inciso (e), de las Reglas dispone que tan pronto el Director o la Directora tome su determinación basada en el Informe de Investigación que le presenta la Oficina de Asuntos Legales y le notifique al juez o a la jueza promovido, tanto el Informe de Investigación como sus anejos estarán disponibles para escrutinio público.

Como surge claramente, el Informe de la Comisión adviene a ser público una vez el ente al cual va dirigido

toma la determinación, en armonía o no con las recomendaciones.

El Informe Investigativo, al igual que el Informe de la Comisión, cumple una misma función, aunque en etapas distintas. Ambos informes recogen prueba, determinan hechos, llegan a conclusiones y hacen recomendaciones. Siendo así, y ante el vacío que existe en las Reglas en torno a esta controversia, no encuentro razón para no actuar de la misma manera, ello ante Informes que cumplen la misma función, aunque en etapas distintas.

Así, a partir de la determinación del Director o la Directora, el proceso disciplinario es uno público. No puede ser de otra manera, pues si estamos dispuestos a permitir que un proceso criminal contra un ciudadano particular esté sujeto al escrutinio público, no veo cómo es posible que le cerremos las puertas y se atienda bajo sombras la conducta de los miembros de nuestra Judicatura. Por ello, no tengo objeción alguna en que este Informe de la Comisión se someta al escrutinio público una vez esta Curia haya tomado una determinación respecto a la querella presentada.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Grupo Ferré Rangel Media        MC-2016-0181


RESOLUCIÓN
*(Nunc Pro Tunc)*


San Juan, Puerto Rico, a 12 de febrero de 2016.

Se enmienda *nunc pro tunc* nuestro Voto Particular Disidente de 11 de febrero de 2016, para que en la página 4, el cuarto párrafo lea como sigue: "Como surge claramente, el Informe de Investigación adviene a ser público una vez el ente al cual va dirigido toma la determinación, en armonía o no con las recomendaciones".

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina